**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JUSTIN DANNELS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.:** |
| **GREASE MONKEY** | § | |
| **INTERNATIONAL, LLC,** | § | **1:26-cv-620** |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |

<u>**COMPLAINT**</u>

1. This is an action for unlawful employment discrimination under Title VII of the Civil Rights Act of 1964, as amended. Plaintiff alleges that Defendant discriminated against him because of his sex, including his sexual orientation, and retaliated against him for opposing unlawful discrimination.

## I.    <u>JURISDICTION AND VENUE</u>

2. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4).

3. Venue is proper in the Middle District of Alabama, Southern Division, because the unlawful employment practices alleged herein occurred in Dothan, Houston County, Alabama, and Plaintiff worked for Defendant there.

## II.   PARTIES

4.     Plaintiff Justin Dannels ("Dannels" or "Plaintiff") is an adult resident of Houston County, Alabama, and a former employee of Defendant.

5.     Defendant Grease Monkey International, LLC ("GMI" or "Defendant") conducts business in Alabama and operated the Dothan workplace at issue. At all relevant times, Defendant employed at least fifteen employees and was an "employer" within the meaning of Title VII.).

## III.   ADMINISTRATIVE EXHAUSTION

6.     On May 23, 2024, Plaintiff timely filed a verified Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), alleging sex discrimination based on sexual orientation and retaliation arising from his discipline and termination.

7.     On April 30, 2026, the EEOC issued Plaintiff a Notice of Right to Sue. Plaintiff brings this action within ninety days of receipt of that Notice.

## IV.   FACTUAL ALLEGATIONS

8.     Defendant hired Plaintiff on or about July 14, 2023, to work at its Store 8703 in Dothan, Alabama.

9.     Defendant later promoted Plaintiff to Center Manager. At the time of his termination, Plaintiff was a full time Center Manager earning approximately $43,000 per year.

10. Plaintiff is a non-heterosexual man.

11. James Bingham was Defendant's District Manager. Bingham supervised and disciplined Plaintiff and participated in employment decisions affecting him.

12. During Plaintiff's employment, Bingham made explicit and derogatory statements about Plaintiff's sexual orientation.

13. Bingham told Plaintiff that Defendant "doesn't usually hire faggots."

14. Bingham also told Plaintiff's coworkers that, because Bingham was unsure what type of genitalia Plaintiff preferred, Plaintiff could not effectively run a store.

15. Defendant held similarly situated heterosexual employees to more favorable standards and did not subject them to the same scrutiny and treatment imposed on Plaintiff.

16. Plaintiff began attempting to bring workplace concerns to Defendant's Human Resources department in the fall of 2023.

17. On or about January 17, 2024, Plaintiff spoke with Anderson Bazile, a Human Resources representative, and specifically complained about sexual-orientation discrimination and Bingham's treatment of him.

18. Plaintiff reasonably and in good faith believed that the conduct he reported violated Title VII.

19.    Within approximately five days of Plaintiff's complaint, Bingham initiated a documented verbal warning against Plaintiff on January 22, 2024, concerning an inventory report.

20.    Plaintiff disputed responsibility for the inventory issue and explained that the closing assistant manager had performed and logged the inventory count.

21.    On January 22, 2024, Plaintiff reported the warning to Human Resources as retaliation. Defendant therefore had actual notice of Plaintiff's discrimination and retaliation complaints.

22.    After Plaintiff complained, Bingham directed Plaintiff to terminate Nathaniel Plue, an employee who had witnessed the discrimination Plaintiff reported. Bingham asserted that Plue was Plaintiff's adopted son or family member, which Plaintiff denied.

23.    On January 30, 2024, Plaintiff again notified Human Resources that he believed Bingham was targeting him because of his discrimination complaint and was attempting to remove him from the company before he pursued legal action.

24.    On February 6, 2024, another store manager took Plaintiff's keys and sent him home. Defendant terminated Plaintiff's employment that same day.

25.    Defendant discharged Plaintiff approximately twenty days after his January 17 discrimination complaint and approximately fifteen days after he reported the January 22 warning as retaliation.

26.   Defendant later asserted that it terminated Plaintiff because he instructed employees to close the store early without approval. That asserted reason was not the true reason for the termination and was a pretext for discrimination and retaliation.

27.   The asserted reason does not account for Bingham's discriminatory statements, the sudden sequence of discipline after Plaintiff's complaint, the targeting of a corroborating witness, and the close temporal proximity between Plaintiff's protected complaints and termination.

28.   During the EEOC process, Defendant acknowledged that Plaintiff had produced statements from coworkers reporting that Bingham's discriminatory conversation occurred, although Defendant disputed those coworkers' credibility.

29.   As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost wages and benefits, emotional distress, humiliation, inconvenience, and other damages.

## V.   CAUSES OF ACTION

### Count I: Retaliation in Violation of Title VII

30.   Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

31.     Plaintiff engaged in activity protected by Title VII when he complained in good faith to Human Resources about sexual orientation discrimination and when he reported subsequent retaliation.

32.     Defendant knew of Plaintiff's protected activity through its Human Resources representatives and management.

33.     After Plaintiff's protected complaints, Defendant subjected him to discipline, heightened scrutiny, the targeting of a corroborating witness, removal from the workplace, and termination.

34.     The close temporal proximity, the sequence of events, Bingham's discriminatory statements, and Defendant's shifting treatment of Plaintiff support a causal connection between Plaintiff's protected activity and the adverse actions.

35.     But for Plaintiff's protected activity, Defendant would not have subjected him to the challenged adverse actions or terminated his employment.

36.     Defendant's retaliation was intentional and undertaken with malice or reckless indifference to Plaintiff's federally protected rights.

37.     As a result, Plaintiff is entitled to all available legal and equitable relief.

## Count II: Sex Discrimination in Violation of Title VII

38.     Plaintiff incorporates by reference paragraphs 1-29 above as if fully set forth herein.

39.    Title VII's prohibition against discrimination "because of sex" includes discrimination because of sexual orientation.

40.    Plaintiff was qualified for his position and performed his duties adequately.

41.    Defendant subjected Plaintiff to discriminatory comments, heightened scrutiny, discipline, and termination because of his sex, including his sexual orientation.

42.    Plaintiff's sex and sexual orientation were motivating factors in, and but-for causes of, Defendant's challenged treatment and termination decision.

43.    Defendant's conduct was intentional and undertaken with malice or reckless indifference to Plaintiff's federally protected rights.

44.    As a result, Plaintiff is entitled to all available legal and equitable relief.

## 45. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant and award the following relief:

a. Declare that Defendant violated Title VII;
b. Award Plaintiff back pay, lost benefits, and prejudgment interest;
c. Reinstatement or, if reinstatement is not feasible, front pay;
d. Compensatory damages for emotional distress, humiliation, inconvenience, and other nonpecuniary losses;
e. Punitive damages under 42 U.S.C. § 1981a;
f. appropriate injunctive and equitable relief;
g. Reasonable attorneys' fees, expenses, and costs
h. Post-judgment interest; and
i. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Eric C. Sheffer*
Eric. C. Sheffer
*Attorney for Plaintiff*

Eric C. Sheffer
ASB 3568J14X
WIGGINS CHILDS PANTAZIS
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 3520
(205) 314-0582 (phone/fax/text)
Email: esheffer@wigginschilds.com